IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Doniele Smith, on behalf of herself and
others similarly situated

        Plaintiff,

v.

Hillstone Healthcare Inc. and
Cornerstone Innovations, Inc.,

        Defendants.

Case No. 2:17-cv-1075

Judge Graham

Magistrate Judge Deavers

Opinion and Order

Plaintiff Doniele Smith brings this putative collective action for overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 207, against defendants Hillstone Healthcare Inc. and Cornerstone Innovations, Inc. Plaintiff alleges that defendants violated the FLSA by not properly calculating overtime pay rates. According to the complaint, plaintiff and other employees were given "additional remuneration for work performed during specific shifts(s) and/or day(s)." Compl., ¶ 28. The complaint alleges that overtime pay should have been based upon the sum of an employee's regular hourly pay and the additional remuneration she received, but defendants instead allegedly paid only one and one-half times the regular hourly pay.

This matter is before the court on Hillstone's motion to dismiss, Cornerstone's motion for judgment on the pleadings, and plaintiff's motion to conditionally certify a collective action under the FLSA.

I.     Background

Doniele Smith is a licensed State Tested Nursing Assistant who began employment at the Isabelle Ridgway Care Center in Columbus in November 2015. Defendants purchased the Isabelle Ridgway Care Center in May 2017 and are alleged to have become joint employers of Smith at that time. Smith alleges that Hillstone operates a number of facilities in Ohio which offer long-term care, hospice care, therapy and other healthcare services. Cornerstone allegedly provides payroll services to Hillstone.

Smith's employment with Hillstone ended in August 2017. According to Smith's declaration, which she submitted in support of her motion to conditionally certify, she worked more than 40 hours per week at least once between May 2017 and August 2017. Smith has submitted one pay statement, which shows that she worked 7 overtime hours during a one week period in June 2017. Smith states that she earned a "nondiscretionary bonus" during that same week in June. Smith Decl., ¶ 9. Her pay statement lists a "Bonus" of $150.

Smith's pay statement shows that her regular hourly rate of pay was $11.00 and that her overtime rate was $16.50. It is plaintiff's theory that defendants, in calculating her rate of overtime pay, should have first added her regular hourly wages and her bonus, divided by 40 hours worked, and then multiplied that result by one and one-half. See 29 C.F.R. § 778.209(a).

Smith asserts in her declaration, without providing further detail, that her experience as an employee was similar to that of other employees of defendants and that defendants have a company-wide policy of not factoring in additional remuneration when calculating overtime pay. Smith Decl., ¶¶ 11-12.

Plaintiff proposes a collective action that would include all current and former hourly employees who have worked at defendants' 13 Ohio facilities in the past 3 years and who have received "remuneration payments" in addition to their normal hourly wage during any workweek in which they worked over 40 hours.

**II.     Standard of Review**

    **A.     Motion to Dismiss**

Hillstone has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. Iqbal, 556 U.S. at 679; Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Twombly, 550 U.S. at 555-56.

Despite this liberal pleading standard, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556

U.S. at 678; see also Twombly, 550 U.S. at 555, 557 ("labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s]" devoid of "further factual enhancements"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). The plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief." Twombly, 550 U.S. at 556 n.3. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679.

When the complaint does contain well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

### B. Motion for Judgment on the Pleadings

Cornerstone has moved for judgment on the pleadings under Rule 12(c), which provides, "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard applied to motions for judgment on the pleadings is the same standard applicable to motions to dismiss under Rule 12(b)(6). See Hindel v. Husted, 875 F.3d 344, 346 (6th Cir. 2017). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted). However, the court need not accept as true legal conclusions or unwarranted factual inferences. Id. (citing Mixon v. Ohio, 193 F.3d 389, 400 (6th Cir. 1999)).

## III. Discussion

The arguments made by Hillstone and Cornerstone in their separate motions are essentially the same – that the complaint's mere reference to "additional remuneration," without factual content, is insufficient to support a reasonable inference that plaintiff is entitled to more overtime pay than what she received. The distinction between the separate motions is that Cornerstone's motion for judgment on the pleadings relies on its answer, to which all of Smith's timesheets and pay statements are attached.

3

The pay statements attached to Cornerstone's answer show that there were four workweeks in which Smith worked overtime hours. In each instance Smith was paid a regular hourly rate of $11.00 and an overtime rate of $16.50. In two of those four workweeks, Smith also received a bonus, the first for $150 and the second for $100. These pay statements (the authenticity and accuracy of which plaintiff does not dispute) are consistent with the allegations in the complaint concerning plaintiff's regular rate of pay, receipt of additional remuneration and rate of overtime pay.

Under the FLSA, a covered employer shall not employ any employee "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The "regular rate" is defined as "all remuneration for employment," but it excludes payments for "services performed during a given period" if "both the fact that payment is to be made and the amount of the payment are determined at the sole discretion of the employer at or near the end of the period and not pursuant to any prior contract, agreement, or promise causing the employee to expect such payments regularly." 29 U.S.C. § 207(e)(3). See also Featsent v. City of Youngstown, 70 F.3d 900, 905 (6th Cir. 1995).

The applicable regulations make a distinction between discretionary and nondiscretionary bonuses:

> Section 7(e) of the Act requires the inclusion in the regular rate of all remuneration for employment except eight specified types of payments. Among these excludable payments are discretionary bonuses . . . .

29 C.F.R. § 778.208.

> In order for a bonus to qualify for exclusion as a discretionary bonus under section 7(e)(3)(a) the employer must retain discretion both as to the fact of payment and as to the amount until a time quite close to the end of the period for which the bonus is paid. The sum, if any, to be paid as a bonus is determined by the employer without prior promise or agreement. The employee has no contract right, express or implied, to any amount. If the employer promises in advance to pay a bonus, he has abandoned his discretion with regard to it.

29 C.F.R. § 778.211(b).

The complaint does not contain sufficient factual content from which the court can draw a reasonable inference that plaintiff or the purported class were paid nondiscretionary bonuses. The complaint alleges that plaintiff and other employees received "remuneration" in addition to their regular hourly wages. The only factual content provided in support of this allegation is that the

4

remuneration was for "work performed during specific shift(s) and/or day(s)." Compl., ¶ 28. The complaint fails to provide any allegations that the fact and amount of payment for working a certain shift or day was established pursuant to a contract, agreement or promise made prior to a time quite close to the end of the period for which the additional remuneration was paid. In other words, the complaint contains no factual matter that would support an inference that the remuneration paid by defendants was nondiscretionary in nature.

The timesheets and pay statements attached to the answer do not provide any support for plaintiff. Other than reflecting that plaintiff twice received a bonus, these documents give no indication as to the circumstances by which she earned her bonuses – whether by prior agreement or not.

Plaintiff contends that it is clear that she has alleged that she and other employees received nondiscretionary bonuses. The complaint never uses that term; it appears only in Smith's declaration, attached to her motion to conditionally certify. Even if the declaration could be considered, the term "nondiscretionary bonus" is used as a label or legal conclusion by Smith and should not be accepted as true. See Twombly, 550 U.S. at 555; Papasan, 478 U.S. at 286. That is, the declaration asserts that Smith received a "nondiscretionary bonus," but it provides no factual context as to the circumstances in which she received the bonus or how the fact and amount of the bonuses were determined. See Smith Decl., ¶¶ 8-9. Also attached to the motion to certify is a Hillstone employee handbook, but it does not contain any policy regarding the payment of bonuses.

## IV. Conclusion

For the reasons set forth above, defendant Cornerstone's motion for judgment on the pleadings (doc. 6) and defendant Hillstone's motion to dismiss (doc. 17) are GRANTED. The court will not terminate the case at this time but hereby grants plaintiff leave to file an amended complaint within 30 days of the date of this Order.

Plaintiff's motion to conditionally certify a class (doc. 4) is DENIED without prejudice.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: May 4, 2018