IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Doniele Smith, on behalf of herself and
others similarly situated

        Plaintiff,

v.

Hillstone Healthcare Inc. and
Cornerstone Innovations, Inc.,

        Defendants.

Case No. 2:17-cv-1075

Judge Graham

Magistrate Judge Deavers

Opinion and Order

This case is before the court on plaintiff Doniele Smith's second motion to conditionally certify a collective action under the Fair Labor Standards Act, 29 U.S.C. § 207. Smith asserts that defendants Hillstone Healthcare Inc. and Cornerstone Innovations, Inc. violated the FLSA by not properly calculating the rate of overtime pay given to her and other similarly-situated employees.

In a prior order, the court dismissed the complaint without prejudice to Smith filing an amended complaint. Smith has amended her complaint to add factual allegations concerning the nature of the bonuses she received from defendants. She and other employees allegedly received bonuses for working extra shifts or hours beyond their normal shifts. She alleges that overtime pay should have been based upon the sum of their regular hourly pay and the shift bonuses they received, but defendants instead paid them one and one-half times of only their regular hourly pay.

For the reasons stated below, the motion to conditionally certify is granted.

I.     Background

Doniele Smith is a licensed State Tested Nursing Assistant (STNA) who was employed at the Isabelle Ridgway Care Center in Columbus from November 2015 to August 2017. Defendants purchased the Isabelle Ridgway Care Center in May 2017 and are alleged to have become joint employers of Smith at that time. Smith alleges that Hillstone operates a number of facilities in Ohio which offer long-term care, hospice care, therapy and other healthcare services. Cornerstone allegedly provides payroll services to Hillstone.

According to the amended complaint, Smith worked in excess of 40 hours in a workweek on more than one occasion during the period from May 2017 to August 2017. For certain workweeks in which she worked overtime, she was also paid a bonus for working a shift or hours that she was not previously scheduled to work. Though the fact of her working the extra shift or hours was not pre-scheduled, the amount of the bonus payments offered to Smith and similarly-situated employees allegedly was predetermined by prior agreement or promise.

Smith has submitted her declaration in support of the second motion to conditionally certify. She states that shift bonuses were offered on a regular basis. Smith Decl., ¶¶ 8-9. Smith has submitted one of her pay statements as an example. The statement shows that she earned a bonus of $150 during a one-week period in June 2017. During that same week, she worked 7 overtime hours. Smith's pay statement shows that her regular hourly rate of pay was $11.00 and that her overtime rate was $16.50, which is one and one-half times $11.00.

Plaintiff asserts that defendants, in calculating overtime pay, should have first added her regular hourly wages and any bonuses earned, divided that sum by 40 hours worked, and then multiplied that result by one and one-half. See 29 C.F.R. § 778.209(a).

Plaintiff seeks to certify a collective action which would include all current and former hourly employees of defendants who have received bonus payments in addition to their regular hourly wages during any workweek in which they worked over 40 hours in the past three years.

**II.     Conditional Certification**

    **A.     Nature of the Claim – Shift Bonus**

The Fair Labor Standards Act requires covered employers to pay non-exempt employees not less than one and one-half times the employee's regular rate of pay for each hour worked in excess of forty hours per week. 29 U.S.C. §207. A violation of the FLSA subjects an employer to liability for unpaid wages, liquidated damages and attorneys' fees and costs. 29 U.S.C. § 216(b).

The "regular rate" of pay is defined as "all remuneration for employment," but it excludes payments for "services performed during a given period" if "both the fact that payment is to be made and the amount of the payment are determined at the sole discretion of the employer at or near the end of the period and not pursuant to any prior contract, agreement, or promise causing the employee to expect such payments regularly." 29 U.S.C. § 207(e)(3). See also Featsent v. City of Youngstown, 70 F.3d 900, 905 (6th Cir. 1995).

2

The applicable regulations make a distinction between discretionary and nondiscretionary bonuses:

> Section 7(e) of the Act requires the inclusion in the regular rate of all remuneration for employment except eight specified types of payments. Among these excludable payments are discretionary bonuses . . . .

29 C.F.R. § 778.208.

> In order for a bonus to qualify for exclusion as a discretionary bonus under section 7(e)(3)(a) the employer must retain discretion both as to the fact of payment and as to the amount until a time quite close to the end of the period for which the bonus is paid. The sum, if any, to be paid as a bonus is determined by the employer without prior promise or agreement. The employee has no contract right, express or implied, to any amount. If the employer promises in advance to pay a bonus, he has abandoned his discretion with regard to it.

29 C.F.R. § 778.211(b).

The court denied plaintiff's original motion for conditional certification because the complaint did not contain sufficient factual content from which the court could draw a reasonable inference that plaintiff or the purported class were paid nondiscretionary bonuses. The court finds that the amended complaint cures that deficiency.[1] It provides sufficient allegations to support an inference that plaintiff and other similarly-situated employees were offered shift bonuses of a predetermined amount to work extra shifts and hours which they were not scheduled to work. The bonus payments were offered with enough regularity that employees came to expect the offer of such payments and the promised amount. Am. Compl., ¶ 29. See also Smith Decl., ¶¶ 8-9.

### B.   Others Similarly Situated

A collective action under the FLSA "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing[.]" 29 U.S.C. § 216(b). In order to join a collective action, an employee must (1) be "similarly situated" to the plaintiff who maintains the action, and (2) give his written consent to join. Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546 (6th Cir. 2006).

Courts apply a "fairly lenient standard" at the conditional certification stage in determining whether the employees to be notified are similarly situated to the plaintiff. Comer, 454 F.3d at 547. Plaintiff must "make a modest factual showing" that is she similarly situated to the other employees she is seeking to notify. Id. at 546-47 (internal quotation marks and citations omitted). "[P]laintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that

---

[1] Defendant Hillstone's motion to dismiss the amended complaint (doc. 28) is therefore denied.

3

policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." O'Brien v. Ed Donnelly Enter., Inc., 575 F.3d 567, 585 (6th Cir. 2009). See also Lewis v. Huntington Nat'l Bank, 789 F.Supp.2d 863, 868 (S.D. Ohio 2011) ("[S]imilarly situated class members under FLSA are those whose causes of action accrued in approximately the same manner as those of the named plaintiffs.").

As noted above, plaintiff Smith submitted her own declaration and pay statement in support of her position that she has been offered and paid shift bonuses. Plaintiff has also submitted declarations (and pay statements in some cases) from six other STNAs employed at several of defendants' healthcare facilities in Ohio. These employees have worked for defendants at various times from 2015 to the present. According to the declarations, defendants offered bonuses to STNAs to incentivize them to work additional shifts. Based on these employees' experiences and their knowledge from talking with coworkers, it is their belief that defendants regularly made shift bonus offers.

The court finds from these declarations that plaintiff has satisfied her modest burden of showing that is she similarly situated to the other employees she is seeking to notify. Like Smith's bonuses, the bonuses received by the declarants were in round, lump sums, such as $150 and $200. In considering the declarations, pay statements and the allegations of the amended complaint, the court finds that plaintiff has sufficiently shown at this early stage that defendants offered and paid shift bonuses at predetermined amounts with enough regularity that employees expected that the bonuses would be offered and what the amounts would be. Plaintiff has further shown through the declarations and pay statements that the shift bonuses paid by defendants to STNAs were not factored into the rate at which defendants paid for overtime hours. Thus, plaintiff has alleged that she and other employees suffered from the same policy.

### C. Definition of the Class

Plaintiff proposes that the class be defined as all current and former hourly, non-exempt employees of defendants who, beginning three years before the filing date of the amended complaint, received "nondiscretionary bonus payments" in addition to their regular hourly rate of pay during any workweek in which they worked more 40 hours. Defendants raise four objections to the proposed class definition.

#### 1. Description of the Bonus Received

Defendants first object to the use of the word "nondiscretionary" in describing the bonuses paid to the proposed class. The court agrees. In this setting, "nondiscretionary" is a legal term. If

4

defendants did not base overtime pay rates on the bonus amounts, then a determination of whether the bonuses were "discretionary" or "nondiscretionary" will likely be the deciding factor as to whether defendants violated FLSA. Defendants deny that they engaged in unlawful conduct and contend that the bonuses were discretionary.

The only type of bonus payment that plaintiff has identified as being paid by defendants is what is described in the amended complaint and declarations as a bonus for working extra shifts or hours beyond what an employee was scheduled to work. These are often referred to as a shift bonus or supplementary shift bonus. See Dep't of Labor, Wage and Hour Division, Fact Sheet #54, *The Health Care Industry and Calculating Overtime Pay* (July 2009) at p. 4.

The court will therefore revise the class definition to be confined to employees who received "bonus payments for working extra shifts or hours beyond what the employee was scheduled to work (sometimes called a shift bonus or supplementary shift bonus)."

### 2. Job Category

Plaintiff would include all current and former hourly, non-exempt employees of defendants in the class definition. Defendants object that the class must be manageable and should not encompass all hourly employees regardless of job title. See Lewis v. Huntington Nat'l Bank, 789 F. Supp.2d 863, 868 (S.D. Ohio 2011). According to defendants, their hourly employees include not only STNAs like plaintiff and the declarants, but also nurses, housekeepers, cooks, dieticians and activity aides.

Plaintiff offers no response to defendants' objection, other than to invite the court to use its discretion to modify the class. See, e.g., Baldridge v. SBC Commc'ns, Inc., 404 F.3d 930, 931-32 (5th Cir. 2005). The court agrees with defendants' objection. Plaintiff and all of the declarants are STNAs, and none of the declarations cite an example of defendants paying shift bonuses to employees in a different job position.

The court will therefore modify the class definition to be limited to all current and former hourly, non-exempt employees who performed duties as a State Tested Nursing Assistant for defendants.

### 3. Geographic Scope

The proposed class definition contains no geographic limitation. It appears to be the case that defendant Hillstone operates facilities only in Ohio. See Smith Decl., ¶ 2. The court will modify the class definition to encompass STNAs employed by defendants at Hillstone's facilities in Ohio.

5

### 4. Time Period

Plaintiff proposes that the class period should begin three years prior to the filing of the amended complaint in June 2018. One of the declarants began her employment in 2015. Defendants argue that the three-year period applies only when a willful violation of the FLSA has taken place. See 29 U.S.C. § 255(a).

The court finds that plaintiff may proceed with a class having a three-year lookback. The amended complaint alleges that defendants were made aware of their obligation to include shift bonuses in overtime pay calculations by a Department of Labor publication issued in 2009. The complaint further alleges that defendants willfully elected not to correctly compensate their employees for overtime hours.

This aspect of the court's ruling is without prejudice to defendants raising, after discovery, the legal issue of whether plaintiffs have created a genuine dispute of material fact that defendants willfully violated the applicable provisions of FLSA.

## III. Conclusion

Accordingly, plaintiff's second motion for conditional certification (doc. 23) is GRANTED. The court conditionally certifies a class under the Fair Labor Standards Act consisting of:

> All current and former hourly, non-exempt employees of defendants who: (1) performed duties as a State Tested Nursing Assistant (STNA) for defendants (2) at one of defendant Hillstone's facilities in Ohio and (3) who, in performing duties as a STNA, received bonus payments for working extra shifts or hours beyond what the employee was scheduled to work (sometimes called a shift bonus or supplementary shift bonus) (4) during any workweek that the employee worked over 40 hours (5) beginning three years prior to the filing date of the First Amended Complaint and continuing through the date of the final disposition of this case.

Defendants are ordered to provide to plaintiff's counsel within 14 days of the date of this Order a list in electronic and importable format of all persons potentially fitting within the proposed class. The list shall include an employee's full name, location(s) of employment, position(s) of employment, last-known mailing address, last-known telephone number(s), last-known email address(es), and dates of employment at Hillstone.

Defendants have stated no objections to the plaintiff's proposed opt-in notice, consent form, method of delivery or 90-day opt-in period. The parties are ordered to meet and confer regarding the revisions which need to be made to the proposed notice's class definition and

references to "nondiscretionary bonus" payments.  They shall jointly submit a revised opt-in notice for the court's approval within 14 days of this Order.


                                          s/ James L. Graham
                                          JAMES L. GRAHAM
                                          United States District Judge

DATE: February 11, 2019