# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Doniele Smith, on behalf of herself and
others similarly situated

        Plaintiff,

v.

Hillstone Healthcare Inc. and
Cornerstone Innovations, Inc.,

        Defendants.

Case No. 2:17-cv-1075

Judge Graham

Magistrate Judge Deavers

## Opinion and Order

This matter came before the court on several issues raised by the parties following the court's February 11, 2019 Order conditionally certifying a collective action under the Fair Labor Standards Act, 29 U.S.C. § 207. The court conducted a telephone conference with the parties on March 1, 2019.

Plaintiff's Motion for Reconsideration

Plaintiff moves for the court to reconsider the following class definition adopted in the February 11, 2019 Order:

> All current and former hourly, non-exempt employees of defendants who: (1) performed duties as a State Tested Nursing Assistant (STNA) for defendants (2) at one of defendant Hillstone's facilities in Ohio and (3) who, in performing duties as a STNA, received bonus payments for working extra shifts or hours beyond what the employee was scheduled to work (sometimes called a shift bonus or supplementary shift bonus) (4) during any workweek that the employee worked over 40 hours (5) beginning three years prior to the filing date of the First Amended Complaint and continuing through the date of the final disposition of this case.

Plaintiff argues that the class definition should be expanded to include not only STNAs, but also registered nurses, licensed practical nurses and other medical personnel. Plaintiff has submitted the declaration of an LPN who says that she also received shift bonuses but was not paid the allegedly proper overtime rate.

Defendants Hillstone Healthcare and Cornerstone Innovations oppose the motion. They argue that plaintiff has already had ample opportunity to make the modest factual showing that employees other than STNAs were paid shift bonuses, but failed to do so. They argue that plaintiff's

1

late-filed declaration from a single LPN is not sufficient, as it does not show the existence of a widespread practice or policy with respect to all medical personnel.

The court denies plaintiff's motion for reconsideration. In other overtime pay cases involving healthcare aides, this court indeed has adopted class definitions which include several categories of nursing personnel. See, e.g., Rembert v. A Plus Home Health Care Agency LLC, No. 2:17-CV-287, 2018 WL 2015844 (S.D. Ohio May 1, 2018); Richert v. LaBelle HomeHealth Care Serv. LLC, No. 2:16-CV-437, 2017 WL 4349084 (S.D. Ohio Sept. 29, 2017). What distinguishes those cases from this one is that the plaintiffs in those cases made a modest factual showing that defendants had adopted overtime pay policies which affected all types of nursing personnel. Specifically, those defendants allegedly made across-the-board refusals to recognize the applicability of the "Home Care Final Rule," 29 C.F.R. § 552.109(a), to their workforce.

In this case, however, plaintiff has failed to make a modest factual showing that defendants' alleged practice of paying shift bonuses extended beyond STNAs. The single declaration submitted by the LPN does not satisfy plaintiff's burden under Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546-47 (6th Cir. 2006). It is true that this court found one declaration from a plaintiff to be sufficient in Rembert, 2018 WL 2015844 at *2. But what set the single declaration in Rembert apart from the one here was its content. It contained specific factual statements supporting an inference that defendants had a policy affecting all healthcare aides, regardless of their nursing classification. Id.; see also Rembert Decl. in Case No. 2:16-CV-287 at Doc. 9-2. In sum, the recent declaration submitted by plaintiff in this case does not show that LPNs, RNs and other medical personnel employed by defendants were similarly situated to STNAs in relation to the payment of shift bonuses.

Accordingly, plaintiff's motion for reconsideration (doc. 43) is DENIED.

Revisions to the Proposed Class Notice

Defendant Hillstone filed a motion for reconsideration in which it requested an opportunity to object to certain language in plaintiff's latest proposed class notice. See Doc. 52-1. Defendant identified its particular objections during the March 1, 2019 phone conference. The court GRANTS Hillstone's motion for reconsideration (doc. 48) and ORDERS that two revisions be made to the notice.

First, the court strikes the sentence beginning with "**For example**" on page 1 of 5 of the proposed notice, in the second paragraph of Section I. The court finds that the language potentially would mislead class members in that it purports to answer the ultimate legal issue in this case of

whether defendants had to calculate overtime rates based on the shift bonuses. The answer to the legal issue will depend on the factual evidence submitted by the parties and has not yet been addressed by the court.

No other "example" language shall replace the sentence which the court is striking. Though plaintiff asserts that such language is common in FLSA notices, the court notes that in the four examples attached to plaintiff's brief, none contain "example" language. See Doc. 52-2 to Doc. 52-5.

Second, the court revises the "right to an attorney" language on page 5 of 5, appearing above the heading for Section IX. The notice shall read as follows: "If you chose to join the lawsuit, you have the option to retain an attorney of your own choice. Otherwise, the law firms listed above will be representing you."

Defendant Hillstone's Motion for an Extension of Time

Hillstone states that it has had difficulty coordinating with its payroll vendors to compile lists of names and contact information of potential class members. Hillstone seeks an extension of time to produce the lists to plaintiff by March 18, 2019.

Hillstone's motion for extension of time (doc. 44) is GRANTED.

Defendant Cornerstone's Motion for Leave to Amend

Cornerstone seeks leave to amend its answer to add a crossclaim for indemnification against Hillstone. The motion is unopposed.

Cornerstone's motion for leave to amend (doc. 50) is GRANTED. Cornerstone shall file is amended answer with crossclaim within 30 days of the date of this order

IT IS SO ORDERED.

                                            s/ James L. Graham
                                            JAMES L. GRAHAM
                                            United States District Judge

DATE: March 1, 2019