IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DONIELE SMITH,** *et al.,* **on behalf of themselves and others similarly situated,** ) ) ) | CASE NO. 2:17-CV-1075 |
| Plaintiff,  ) ) | Judge James L. Graham |
| vs.  ) ) ) | Magistrate Judge Elizabeth Preston Deavers |
| **HILLSTONE HEALTHCARE, INC.** ) ) ) | **JOINT MOTION FOR ORDER APPROVING FLSA COLLECTIVE ACTION SETTLEMENT** |
| Defendant.  ) ) | |

## I.  INTRODUCTION

Representative Plaintiffs in this consolidated action[1], Doniele Smith, Nicole Cubbison, Temeka Simpson and Brandy Hill, and Defendant, Hillstone Healthcare, Inc., respectfully move this Court for an Order approving the Fair Labor Standards Act ("FLSA") settlement reached by the Parties and memorialized in the Joint Stipulation of Settlement and Release that fully resolves all claims between the parties in both *Doniele Smith, et al. v. Hillstone Healthcare, Inc.*, Case No. 2:17-CV-1075 and *Brandy Hill, et al. v. Hillstone Healthcare, Inc.*, Case No. 2:19-cv-01031 ("Settlement" or "Agreement") attached as **Exhibit A**.

The Settlement was reached by experienced counsel during arms-length, good faith negotiations with the assistance of well-respected mediator, Jerome Weiss. If approved, it will provide substantial individual payments to 943 individuals, which include the Representing Plaintiffs and Existing Opt-In Plaintiffs (collectively, "Eligible Settlement Participants" or "Plaintiffs").

---

[1] On September 12, 2019, this Court granted the Joint Motion to Consolidate Cases for Purposes of Settlement Approval Only (Doc. 96), thereby consolidating *Doniele Smith, et al. v. Hillstone Healthcare, Inc.*, Case No. 2:17-CV-1075 with *Brandy Hill, et al. v. Hillstone Healthcare, Inc.*, Case No. 2:19-cv-01031.

The settlement documents submitted for approval or entry by the Court consist of the following:

**Exhibit A:**    Joint Stipulation of Settlement and Release with Exhibits.

**Exhibit B:**    Proposed Order of Dismissal and Approving Settlement

**Exhibit C:**    Declarations of Shannon M. Draher, Matthew J.P. Coffman, and Peter A. Contreras

The following sections explain the nature of the Action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement.

### II.    FACTUAL AND PROCEDURAL BACKGROUND

A.    <u>The Two (2) Actions and Global Settlement.</u>

On December 12, 2017, Representative Plaintiff Doniele Smith filed her Original Complaint against Defendant Hillstone Healthcare, Inc. on behalf of herself and other similarly situated current and former employees alleging overtime violations under the Fair Labor Standards Act ("FLSA") (hereafter the "Smith Action"). The Complaint was first amended on June 1, 2018, and again on April 3, 2019 to add Representative Plaintiffs Cubbison and Simpson (Draher Decl., ¶8; Coffman Decl. ¶9; Contreras Decl. ¶8).

On March 19, 2019, Representative Plaintiff Brandy Hill filed a separate action against Defendant Hillstone Healthcare, Inc. (Doc. 1 in Case No. 2:19-cv-01031) (hereafter the "Hill Action"). Plaintiff Hill also alleged overtime violations under the FLSA against Defendant on behalf of herself and other similarly situated current and former employees. On March 22, 2019, a related case memorandum was entered and the Hill Action was transferred to the docket of Your Honor because of the pendency of the instant related action. (Doc. 3 in Hill Action).

In the Smith and Hill Actions, Representative Plaintiffs allege that Defendant's calculation methodology for computing overtime compensation violated the FLSA and Ohio law

2

because the non-discretionary bonuses and shift differentials that Defendant paid to Plaintiffs were unlawfully excluded from the Plaintiffs' "regular rates" of pay for purposes of computing overtime compensation. Plaintiffs further allege that Defendant violated the Ohio Prompt Pay Act ("OPPA") by failing to pay Plaintiffs all of their wages within the time period provided by the OPPA. (Draher Decl., ¶12; Coffman Decl. ¶10; Contreras Decl. ¶11).

Defendant filed its Answers to the Original Complaints and to the Amended Complaints in both the Smith and Hill Actions. Defendant denies any liability or wrongdoing of any kind. (Draher Decl., ¶13; Coffman Decl. ¶12; Contreras Decl. ¶13).

Plaintiffs served Defendant with written discovery. In response, Defendant produced Plaintiffs' time and payroll data. Plaintiffs' Counsel spent significant time analyzing Defendant's produced documents. (Draher Decl., ¶14-16; Coffman Decl. ¶13-15; Contreras Decl. ¶15-17).

On May 3, 2019, Plaintiffs served and filed a Notice of Rule 30(b)(6) deposition of the Defendant. (Doc. 79 in the Smith Action). However, before any depositions were taken, the Parties agreed to mediation. Prior to mediation, Plaintiffs' Counsel engaged the services a of a Ph.D. economist to calculate damages. This consultant calculated the damages Plaintiffs' alleged were owed for underpaid overtime. Given the volume of the data, and the format in which the data was produced, it took the consultant significant time to prepare the damages model. (Draher Decl., ¶17; Coffman Decl. ¶16; Contreras Decl. ¶17).

The matter was mediated with well-respected mediator, Jerome Weiss, on August 14, 2019. The Parties did not reach a settlement agreement at that mediation. However, the Parties ultimately agreed to the mediator's proposal in the weeks following the mediation and reached a global settlement of all claims between the parties in both the Smith and the Hill Actions. The terms of that agreement are reflected in the Joint Stipulation of Settlement and Release. (Draher

Decl., ¶18-19; Coffman Decl. ¶18-19; Contreras Decl. ¶18-19). Because the agreement reached following the mediation resolved all claims existing in both the Smith and Hill Actions, the Parties jointly moved the Court on September 5, 2019 to consolidate the two (2) Actions solely for purposes of moving for and obtaining Court approval of the global settlement. On September 12, 2019, this Court granted the Joint Motion to Consolidate Cases for Purposes of Settlement Approval Only (Doc. 96), thereby consolidating the Smith and Hill Actions.

      B.      <u>The Settlement Terms.</u>

If approved by the Court, the Settlement will cover 943 Eligible Settlement Participants, including Representative Plaintiffs and Existing Opt-In Plaintiffs. (*See* **Exhibit A** at Exhibits 2 and 3). The total settlement amount is $355,000.00, which sum will cover: (a) all of the individual payments to the Plaintiffs; (b) Representative Plaintiffs' Service Payments; and (c) Plaintiffs' Counsel's attorneys' fees and expenses. In addition, Defendant will pay the cost of the administration of the settlement not to exceed $17,500.00. Plaintiffs' Counsel believes the proposed Settlement is in the best interests of the Plaintiffs. (Draher Decl., ¶29; Coffman Decl. ¶29; Contreras Decl. ¶29).

Approximately $161,378 of the settlement amount will be divided into individual payments to the Plaintiffs based on their alleged overtime damages as calculated by Plaintiffs' Counsel and approved by Defendant. (*See* **Exhibit A** at Exhibit 2). This amount represents approximately 158% of the alleged unpaid overtime damages, and 25% of the alleged Prompt Pay damages. These individual payments will be allocated as follows: 50% to the settlement of wage claims and 50% to the settlement of claims for statutory penalties. (Draher Decl., ¶22; Coffman Decl. ¶21; Contreras Decl. ¶21).

4

$15,000.00 of the settlement amount will be paid to Representative Plaintiffs as Service Payments, in addition to their individual payment. Those Service Payments will be paid as follows:

| Name | Amount of Payment |
|---|---|
| Doniele Smith | $5,000 |
| Brandy Hill | $5,000 |
| Nicole Cubison | $2,500 |
| Temeka Simpson | $2,500 |

(Draher Decl., ¶24; Coffman Decl. ¶23; Contreras Decl. ¶23).

$178,622 of the settlement amount will be paid to Plaintiffs' Counsel for attorneys' fees and expenses ($162,106.34 in fees and $16,515.66 in expenses) incurred in the Action. (Draher Declaration, ¶25). The attorneys' fees payments will be paid as follows:

| Firm Name | Amount of Payment |
|---|---|
| Nilges Draher, LLC | $96,515.13 |
| Coffman Legal, LLC | $82,106.87 |

(Draher Decl., ¶25; Coffman Decl. ¶24; Contreras Decl. ¶24).

Each Eligible Settlement Participant will be required to execute a Consent to Join and Release Form as a condition to receiving his or her settlement payment. A copy of the Consent to Join and Release Form is attached to the Agreement as Exhibit 1. Eligible Settlement Participants who executed a Consent to Join and Release Form will become a Group Member. Upon the close of the opt-in period, the third-party administrator will provide the Parties with copies of all consent forms and a list of all individuals who have joined the settlement with the amount of their payments within seven (7) days. Defendant will file the list of Plaintiffs who elected to participate in the settlement with the Court within seven (7) business days of receipt of the list. (Draher Decl., ¶23; Coffman Decl. ¶22; Contreras Decl. ¶22).

5

In exchange for these payments and other consideration provided for in the Agreement, the Action will be dismissed, and the Group Members will release Defendant from federal and state wage-and-hour claims, rights, demands, liabilities and causes of action asserted in the Amended Complaint, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act and Ohio law for the Released Period. The Released Period for each Group Member is governed by the facility that the Group Member worked for Defendant. The Released Period for each facility is identified in Exhibit 3 of the Agreement. A proposed Order of Dismissal and Approving Settlement is attached hereto as **Exhibit B**.

### III.    THE PROPRIETY OF APPROVAL

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. As shown in the attached Declarations of Shannon M. Draher, Matthew J.P. Coffman, and Peter A. Contreras, and as explained below, Court approval is warranted on all scores.

#### A.    The Seven-Factor Standard Is Satisfied

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 16(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23,

6

2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)), *quoted in Crawford*, 2008 WL 4724499 at *3. As shown below and in the Declarations of Shannon M. Draher, Matthew J.P. Coffman, and Peter A. Contreras, this standard supports approval of the Settlement.

### 1) No Indicia of Fraud or Collusion Exists

The Parties' counsel each have extensive experience litigating FLSA claims, including claims for unpaid overtime. The Agreement was achieved only after arms-length and good faith negotiations between the Parties with the assistance of well-respected mediator, Jerome Weiss. (Draher Decl., ¶18-19; Coffman Decl. ¶17-19; Contreras Decl. ¶18-19). As such, there is no indicia of fraud or collusion.

### 2) The Complexity, Expense and Likely Duration of Continued Litigation Favor Approval

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. Moreover, the Parties continue to disagree over the merits of Plaintiffs' claims. Plaintiffs' claim that Defendant failed to include non-discretionary bonuses and/or shift differentials in the Plaintiffs' regular rate of pay for purposes of computing overtime compensation. Defendant denies any wrongdoing. In addition, the Parties continue to disagree

7

about whether the two-year limitations period for non-willful violations or three-year limitations period for willful violations applied. (Draher Decl., ¶30; Coffman Decl. ¶30; Contreras Decl. ¶30).

If forced to litigate this case further, the Parties would certainly engage in complex, costly, and protracted wrangling.  The Settlement, on the other hand, provides substantial relief to Plaintiffs promptly and efficiently, and amplifies the benefits of that relief through the economies of class resolution. (Draher Decl., ¶31; Coffman Decl. ¶31; Contreras Decl. ¶31).

### 3) Investigation Was Sufficient to Allow the Parties to Act Intelligently

The Parties engaged in substantial investigation and discovery prior to negotiating the Settlement.  Prior to filing the Action, Plaintiffs' Counsel performed a significant amount of research and factual investigation of the claims to set forth a factually specific and accurate complaint for the Court and Defendant.  After filing the Action, the Parties engaged in extensive written discovery. Defendant produced Plaintiffs' time and payroll data, and Plaintiffs' Counsel analyzed those records. In addition, Plaintiffs' Counsel engaged an expert to analyze those records and to compute damages.  (Draher Decl., ¶15; Coffman Decl. ¶15; Contreras Decl. ¶16).

Thus, the legal and factual issues in the case were thoroughly researched by counsel for the Parties, and all aspects of the dispute are well-understood by both sides.

### 4) The Risks of Litigation Favor Approval

Counsel for both sides believe in the merits of their clients' positions, but nonetheless recognize that the litigation of claims is uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendant raises affirmative defenses to Plaintiffs' claims, and the outcome of those defenses is uncertain as well. Continued litigation would be risky for all. (Draher Decl., ¶32-35; Coffman Decl. ¶32-35; Contreras Decl. ¶32-35).

### 5) Uncertainty of Recovery Supports Approval

Plaintiffs' range of possible recovery is also open to dispute. Even if Plaintiffs succeeded on the merits of their claims, the amount of recovery is uncertain and something upon which the Parties continue to disagree.

### 6) Experienced Counsels' Views Favor Approval

Plaintiffs' Counsel is experienced in wage-and-hour collective and class actions, have acted in good faith, and have represented Plaintiffs' best interests in reaching the Settlement. Counsel support the Settlement as fair and reasonable, and in the best interest of the Plaintiffs as a whole, as described in the Declarations of Shannon M. Draher, Matthew J.P. Coffman and Peter Contreras. (Draher Decl., ¶29; Coffman Decl. ¶29; Contreras Decl. ¶29).

### B. The Settlement Distributions Are Fair, Reasonable and Adequate

As a part of the scrutiny it applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999). All components of the proposed distribution are proper and reasonable, and the settlement as a whole is fair, reasonable and adequate for the Plaintiffs.

### 1) The Individual Payments Are Reasonable and Adequate

The individual payments were calculated proportionally on each Eligible Settlement Participants' alleged overtime and prompt pay damages during the applicable period.[2] The average settlement payment is approximately $185.00. Moreover, each Existing Opt-In Plaintiff

---

[2] There were 10 Existing Opt-In Plaintiffs for whom Defendant did not have time and payroll data. Those Opt-In Plaintiffs will receive the average settlement payment of $185.00.

9

will receive a minimum payment of $50.00.  (Draher Decl., ¶21; Coffman Decl. ¶21; Contreras Decl. ¶21).

### 2) Representative Plaintiff's Service Award Is Proper and Reasonable

Service awards to a representative plaintiff recognizing the value of his or her services on behalf of other participants are proper.  As stated in *In re Dunn & Bradstreet Credit Services Customer Litigation*, 130 F.R.D. 366 (S.D. Ohio 1990):

> Numerous courts have not hesitated to grant incentive awards to representative plaintiffs who have been able to effect substantial relief for classes they represent.

130 F.R.D. at 373 (citing *Wolfson v. Riley*, 94 F.R.D. 243 (N.D. Ohio 1981); *Bogosian v. Gulf Oil Corp.*, 621 F. Supp. 27, 32 (E.D. Pa. 1985); *In re Minolta Camera Products Antitrust Litigation*, 666 F. Supp. 750, 752 (D. Md. 1987)).

In this Circuit, service awards to representative plaintiffs are "typically justified when named plaintiffs expend more time and effort beyond that of other class members in assisting class counsel with litigation, such as by actively reviewing the case and advising counsel in prosecution of case." *In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 273, 276 (S.D. Ohio 1997).

The courts recognize that "differentiation among class representatives based upon the role each played may be proper in given circumstances." *Dun & Bradstreet*, 130 F.R.D. at 374 (citing *In re Jackson Lockdown/MCO Cases*, 107 F.R.D. 703, 710 (E.D. Mich. 1985)).  *See also Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D. Ohio 1991) (among the factors warranting incentive awards are the "time and effort spent" by the individuals in question and "whether these actions resulted in a substantial benefit to Class Members").

Representative Plaintiffs contributed significant time, effort, and detailed factual information enabling the Parties to successfully resolve this matter. Their time and efforts support the requested service payment. (Draher Decl., ¶24; Coffman Decl. ¶23; Contreras Decl. ¶23).

### 3) The Attorneys Fees and Expenses to Plaintiffs' Counsel Are Proper and Reasonable

After the Court has confirmed that the terms of settlement are fair to Plaintiffs, it may review the Parties' agreement as to the provision of fees and costs to Plaintiffs' Counsel. The Settlement reflects Defendants agreement to pay Plaintiffs' Counsel $178,622 in attorneys' fees and costs ($162,106.34 in fees and $16,515.66 in expenses). This amount represents the amount of time and expense that Plaintiffs' Counsel has dedicated to both cases in this consolidated action. (Draher Decl., ¶26-28; Coffman Decl. ¶26-28; Contreras Decl. ¶25-27).

The FLSA has a fee-shifting provision that provides that the prevailing party shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b) (a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."); *see also* O.R.C. § 4111.10(A) (liability includes paying "costs and reasonable attorney's fees as may be allowed by the court"). Indeed, "[a]n award of attorneys' fees under the FLSA is ***mandatory***, with the amount of fees within the discretion of the court." *Cruz v. Vel-A-Da, Inc.* Case No. 3:90CV7087, 1993 WL 659253, *3 (N.D. Ohio May 14, 1993) (*citing United Slate, Tile & Composition v. G & M Roofing,* 732 F.2d 495, 501 (6th Cir.1984)). In *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994), the Court of Appeals held that the FLSA's mandatory attorney's fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of

congressionally identified policies and rights." *Fegley,* 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir. 1984)).

Congress has determined that it is important for FLSA rights to be enforced, and that reasonable attorney fees must be awarded to provide for such enforcement, particularly where the victims of FLSA violations are often low-wage workers whose per-person damages may not be significant. *See, e.g., Fegley,* 19 F.3d at 1134-43. There is no numeric relationship required between the amount of economic losses recovered and the amount of fees recoverable. Congress has determined that it is important for FLSA rights to be enforced, and that reasonable attorney fees must be awarded to provide for such enforcement, particularly where the victims of FLSA violations are often low-wage workers whose per-person damages may not be significant. *See, e.g., Fegley v. Higgins,* 19 F.3d 1126, 1134-43 (6th Cir. 1994) (FLSA fee award "encourages the vindication of congressionally identified policies and rights").

It is not uncommon for fee awards to exceed the amount recovered by plaintiffs in lost wages. *See City of Riverside v. Rivera,* 477 U.S. 561, 574, 578 (1986) (no rule of proportionality in cases awarding fees under § 1988, in order to ensure lawyers are available to represent persons with legitimate claims).  This principle has been applied in many cases in the FLSA context. *See, e.g., Holland v. New Method Packaging, LLC, et al*, No. 3:16-cv-00309-TMR-MJN, Doc. #23 (S.D. Ohio 2017) (Rose, J.) (in a case alleging violations of the FLSA, the Court approved settlement payment of $13,395.97 to the named plaintiff and $19,000 for attorneys' fees and costs); *Pellegrini v. Tower 10, LLC, et al*, No. 2:16-cv-00293-JLG-TPK, Doc. #31 and 32 (S.D. Ohio 2017) (Graham, J.) (in a FLSA case, the Court approved settlement of $2,000 to the named plaintiff and $11,500 for attorneys' fees and costs); *Jasper, et al v. Home Health Connection,*

*Inc.*, No. 2:16-cv-00125-EAS-EPD (S.D. Ohio 2016) (Sargus, J.) (in a FLSA case, the Court approved $35,000 to named plaintiffs and class and $63,000 for attorneys' fees and costs).[3]

*See, e.g., Fox v. Tyson Foods, Inc.*, No. 4:99-CV-1612-VEH, Doc. 819 (N.D. Ala. Feb. 17, 2009) (in an FLSA case in which three individual donning and doffing claims were tried, the plaintiffs collectively recovered $4,937.20 in wages but were awarded $765,618.10 in attorneys' fees based on the attorney's lodestar hourly rates); *Hodgson v. Miller Brewing Co.,* 457 F.2d 221, 228-29 (7th Cir. 1972); *Perdomo v. Sears, Rosebuck & Co.,* Case No. 97-2822-CIV-T-17A, 1999 WL 1427752, *10 (M.D. Fla. Dec. 3, 1999); *Wales v. Jack M. Berry, Inc.,* 192 F.Supp.2d 1313, 1327 (M.D. Fla. 2001); *Heder v. City of Two Rivers,* 255 F.Supp.2d 947, 955 (E.D. Wis. 2003); *Perrin v. John B. Webb & Assocs.,* Case No. 604CV399ORLKRS, 2005 WL 2465022, *4 (M.D. Fla. Oct. 6, 2005) ("in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time").[4]

---

[3] *Fox v. Tyson Foods, Inc.*, No. 4:99-CV-1612-VEH, Doc. 819 (N.D. Ala. Feb. 17, 2009) (in an FLSA case in which three individual donning and doffing claims were tried, the plaintiffs collectively recovered $4,937.20 in wages but were awarded $765,618.10 in attorneys' fees based the attorney's lodestar hourly rates); *Hodgson v. Miller Brewing Co.,* 457 F.2d 221, 228-29 (7th Cir. 1972); *Perdomo v. Sears, Rosebuck & Co.,* Case No. 97-2822-CIV-T-17A, 1999 WL 1427752, *10 (M.D. Fla. Dec. 3, 1999); *Wales v. Jack M. Berry, Inc.,* 192 F.Supp.2d 1313, 1327 (M.D. Fla. 2001); *Heder v. City of Two Rivers,* 255 F.Supp.2d 947, 955 (E.D. Wis. 2003); *Perrin v. John B. Webb & Assocs.,* Case No. 604CV399ORLKRS, 2005 WL 2465022, *4 (M.D. Fla. Oct. 6, 2005)("in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time"). *See also Howe v. Hoffman-Curtis Partners Ltd.* 215 Fed. Appx. 341, 342 (5th Cir. Jan. 30, 2007) ("Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."); *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (upholding award of $40,000 in fees even though Plaintiff recovered only $7,680 in damages); *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 358 (5th Cir. 1990) (upholding award of $9,250 in attorney's fees even though Plaintiff recovered only $1,698.00); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $100,000 in attorney's fees for a recovery of $20,000); *Albers v. Tri-State Implement, Inc*., 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) (awarding $43,797 in fees even though plaintiffs' combined damages totaled only $2,137.97); *King v. My Online Neighborhood, Inc*., 2007 U.S. Dist. LEXIS 16135 (M.D. Fla. Feb. 20, 2007) (approving a settlement for $4,500 in unpaid wages and $10,500 in attorney's fees); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955-56 (E.D. Wis. 2003) (awarding $36,204.88 in fees even though plaintiff's damages totaled only $3,540.00); *Griffin v. Leaseway Deliveries, Inc.,* 1992 U.S. Dist. LEXIS 20203 (E.D. Pa. Dec. 31, 1992) (awarding attorney's fees of $33,631.00 for a plaintiff's award of $17,467.20); *Holyfield v. F.P. Quinn & Co.,* 1991 U.S. Dist. LEXIS 5293, *1 (N.D. Ill. Apr. 22, 1991) (awarding $6,922.25 in attorney's fees for a judgment in the amount of $921.50).

[4] *See also Howe v. Hoffman-Curtis Partners Ltd.* 215 Fed. Appx. 341, 342 (5th Cir. Jan. 30, 2007) ("Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."); *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (upholding award of

Plaintiffs have submitted sufficient evidence to support of the amount requested for attorneys' fees and costs. The services rendered to Plaintiffs reflect the extensive experience Plaintiffs' Counsel have in FLSA class and collective actions. This experience led to the settlement of the two (2) separate Smith and Hill actions, which represents 158% of the alleged unpaid overtime and 25% of the alleged Prompt Pay damages.  Defendant has agreed to pay these fees and costs as part of the negotiated Agreement that resolves both cases.

Expenses are estimated to be approximately $16,515.66. All expenses were incurred during the course of the litigation of this Action or will be incurred during the administration of the Settlement.[5] (Draher Decl., ¶28; Coffman Decl. ¶28).

## IV.    CONCLUSION

The Parties submit that this Settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action.   Accordingly, the Parties request that this Court: (1) enter the proposed Order of Dismissal and Approving Settlement; (2) approve Plaintiffs' Counsel's request for attorneys' fees, costs, and expenses; (3) approve the Representative Plaintiffs' Service Payments; and (4) retain jurisdiction to enforce the Settlement.

Dated: October 11, 2019

---

$40,000 in fees even though Plaintiff recovered only $7,680 in damages); *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 358 (5th Cir. 1990) (upholding award of $9,250 in attorney's fees even though Plaintiff recovered only $1,698.00); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $100,000 in attorney's fees for a recovery of $20,000); *Albers v. Tri-State Implement, Inc.,* 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) (awarding $43,797 in fees even though plaintiffs' combined damages totaled only $2,137.97); *King v. My Online Neighborhood, Inc.,* 2007 U.S. Dist. LEXIS 16135 (M.D. Fla. Feb. 20, 2007) (approving a settlement for $4,500 in unpaid wages and $10,500 in attorney's fees); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955-56 (E.D. Wis. 2003) (awarding $36,204.88 in fees even though plaintiff's damages totaled only $3,540.00); *Griffin v. Leaseway Deliveries, Inc.,* 1992 U.S. Dist. LEXIS 20203 (E.D. Pa. Dec. 31, 1992) (awarding attorney's fees of $33,631.00 for a plaintiff's award of $17,467.20); *Holyfield v. F.P. Quinn & Co.*, 1991 U.S. Dist. LEXIS 5293, *1 (N.D. Ill. Apr. 22, 1991) (awarding $6,922.25 in attorney's fees for a judgment in the amount of $921.50).

[5] With the exception of the cost of the administration of the settlement not to exceed $17,500 and which Defendant will pay separately.

Respectfully submitted,

*/s/ Shannon M. Draher*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
NILGES DRAHER LLC
7266 Portage Street NW, Suite D
Massillon, Ohio 44646
Telephone:     (330) 470-4428
Facsimile:     (330) 754-1430
Email:         sdraher@ohlaborlaw.com
               hans@ohlaborlaw.com

*/s/ Scott Salsbury*
Scott Salsbury (0039287)
April Woodward (0091568)
SALSBURY & SALSBURY, LPA
5611 Hudson Drive, Ste. 400
Hudson, Ohio 44236
Telephone:     (330) 655-5760
Facsimile:     (800) 554-3066
Email:         ssalsbury@salsburylaw.com
               awoodward@salsburylaw.com

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*/s/ Peter Contreras*
Peter Contreras (0087530)
**CONTRERAS LAW, LLC**
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: 614-787-4878
Fax: 614-923-7369
Email: peter.contreras@contrerasfirm.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of October 2019, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Peter Contreras*
Peter Contreras (0087530)
